**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 15 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MANPREET SINGH, AKA Ravi Thapa, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No.    17-72793 <br><br> Agency No. A208-191-871 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2020**
San Francisco, California

Before:  WALLACE and R. NELSON, Circuit Judges, and GWIN,*** District
Judge.

Manpreet Singh, a native and citizen of India, petitions for review of the

decision of the Board of Immigration Appeals (Board) affirming the Immigration

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*       The Honorable James S. Gwin, United States District Judge for the
Northern District of Ohio, sitting by designation.

Judge's (IJ) denial of his application for asylum, withholding from removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. section 1252(a)(1). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility finding. The agency's adverse credibility finding was "supported by omissions" of "new allegations that tell a 'much different—and more compelling—story of persecution than [the] initial application.'" *Silva-Pereira v. Lynch*, 827 F.3d 1176, 1185 (9th Cir. 2016), *quoting Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011).

The IJ and Board relied on Singh's omissions in his asylum application and accompanying written declaration about whether his June 2014 attackers were government officials and whether he was threatened by the police after attempting to report the attack. On direct examination at his merits hearing, Singh testified that the police refused to take his report and demanded he "better go away" or that they would "beat [him] too." However, Singh's written declaration, which described this same incident, omitted any claim that the police physically threatened him. In addition, on cross-examination, when pressed about how he was able to identify his June 2014 attackers as government officials, Singh pointed to the sticker on his attackers' van, which allegedly displayed the logo from the Badal and BJP parties. Yet, in his written declaration, Singh swore that he had observed the stickers on the van in the *second* incident in *December* 2014. Because Singh's claim for asylum

2

was based on his fear that members of the Badal and BJP parties would target him if he returned to India, the Board reasonably concluded that Singh had omitted allegations in his asylum application that were "crucial to establishing" whether he would be "persecuted for [his] political opinion." *Kin v. Holder*, 595 F.3d 1050, 1057 (9th Cir. 2010).

Because these details were crucial to establishing Singh's eligibility, we distinguish the principal case on which he relies—*Lai v. Holder*, 773 F.3d 966 (9th Cir. 2014). Unlike the material omissions here, the omissions supporting the agency's adverse credibility finding in *Lai* were immaterial to his application. *See id.* at 973-74. Accordingly, *Lai* is inapposite.

The Board did not err in rejecting Singh's explanation for his omissions. When asked by the IJ about the omissions, Singh testified that he "wrote whatever [he] remembered" and that he "knew" that he could "tell all these things" at his merits hearing. However, Singh's belief that it was "not necessary" to include an allegation because it "would be discussed at the [merits] hearing" was "not persuasive enough to compel the conclusion that the omissions were immaterial." *Kin*, 595 F.3d at 1057. Accordingly, Singh's explanation was implausible "in light of the importance of the omitted incidents to his asylum claim." *Zamanov*, 649 F.3d at 974 (citation omitted).

Because Singh was not credible, he was not eligible for asylum. *See Farah v.*

3

*Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). He therefore necessarily failed to meet the more stringent standard for withholding of removal. *See Pedro-Mateo v. I.N.S.*, 224 F.3d 1147, 1150 (9th Cir. 2000). Accordingly, we deny Singh's petition for review of the Board's decision as to his asylum and withholding of removal claims.

The Board also did not err in affirming the IJ's denial of Singh's CAT claim. Singh's challenge to the Board's denial of his CAT claim is based solely on the IJ's adverse credibility finding. Because the record does not compel reversal of the adverse credibility finding, the record likewise does not compel reversal of the Board's denial of the CAT claim.

**PETITION DENIED.**